Briggitta **HARDIN**, Plaintiff,

v.

Mick **DADLANI**, Individually and in his capacity as Redline Owner and Manager, and Red Line DC, LLC, Defendants.

Civil Action No. 11-2052 (RBW)

United States District Court, District of Columbia.

Signed October 10, 2014

Dennis A. Corkery, Matthew K. Handley, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Jennifer I. Klar, Jia M. Cobb, Megan Cacace, Relman, Dane & Colfax, PLLC, Washington, DC, for Plaintiff.

Claude-Eric Keller Nicolas, Sundeep Hora, Leslie David Alderman, III, Alderman, Devorsetz & Hora PLLC, Courtney R. Abbott, Angela D. Hart-Edwards, Shameka N. Bloyce, Gordon & Rees, LLP, Jonathan Wolfe Greenbaum, Lloyd Liu, Coburn & Greenbaum, PLLC, Washington, DC, for Defendants.

## ORDER

REGGIE B. WALTON, United States District Judge

Briggitta Hardin, the plaintiff in this civil matter, alleges that defendants Mick Dadlani ("Dadlani") and Redline DC, LLC ("Redline") unlawfully discriminated against her on the basis of her race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended, and the District of Columbia Human Rights Act, DC Code § 2-1401.01. Complaint ("Compl."), ECF No. 1, ¶ 1. Specifically, the plaintiff asserts that the defendants terminated her from her bartending position at Redline on December 2, 2010, because she is African-American. Id. ¶¶ 2, 14, 16.

On February 22, 2013,[1] the defendants moved for summary judgment, claiming that "there is no genuine issue as to any material fact, and [the] [d]efendants are entitled to judgment as a matter of law on each of [the plaintiff's] Counts." Defendants' Motion for Summary Judgment, ECF No. 55, at 1. The plaintiff filed an opposition, including as exhibits a number of declarations and excerpts of witness depositions, and claiming that "the evidence of [the] [d]efendants' discriminatory

---

1. In accordance with a Minute Order issued by the Court on February 25, 2013, the defendants filed the exhibits submitted in support of their Motion for Summary Judgment on February 26, 2014. ECF No. 58.

motive is substantial, well-documented, and confirmed by multiple third-party witnesses." Plaintiff's Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Opp'n"), ECF No. 60, at 1. Accordingly, the plaintiff contends that "the evidence support[s] a reasonable jury's finding for [the plaintiff] [and thus] precludes summary judgment." Id. The defendants moved to strike portions of the declarations and deposition excerpts submitted in support of the plaintiff's opposition, claiming that the statements "are inadmissible for various reasons including that they are made without personal knowledge, constitute impermissible hearsay testimony and/or [contain] unsubstantiated opinion." Defendants' Motion to Strike, ECF No. 66, at 1. The parties subsequently briefed the merits of admissibility of these statements through a number of subsequent filings. Plaintiff's Opposition to Defendants' Motion to Strike, ECF No. 67; Defendants' Memorandum of Points and Authorities in Support of Motion to Strike, ECF No. 68; Plaintiff's Surreply to Defendants' Motion to Strike, ECF No. 73; Defendants' Sur-Surreply to Plaintiff's Sur-Reply, ECF No. 74; Plaintiff's Supplemental Report Regarding the Admissibility of the Testimony Challenged in Defendants' Motion to Strike, ECF No. 76.

 The Court held a hearing on October 8, 2014, to review the pending motions. Upon review of the parties' submissions to the Court and representations made by both parties during the hearing, the Court concluded that disputed material facts exist in this case, requiring a denial of summary judgment.[2] For example, the plaintiff drew attention to page 68 of Jonathan Calvert's deposition, wherein the witness testified that defendant Dadlani stated on more than one occasion that he "wanted attractive white girls" to work at defendant Redline.[3] Pl.'s Opp'n, ECF No. 60, Exhibit ("Ex.") 4, Deposition of Jonathan J. Calvert at 68:7-18. Furthermore, the plaintiff cites Timothy Sean O'Neil's ("O'Neil") declaration, wherein O'Neil states that "[Dadlani] often talked to me and other employees about the appearance of employees, and he said he wanted good looking people in the restaurants, blondes[4] specifically." Pl.'s Opp'n, ECF No. 60, Ex. 17, Declaration of T. Sean O'Neil, Jr.

---

**2.** Before granting a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, a court must find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, and a dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Steele v. Schafer, 535 F.3d 689, 692 (D.C.Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (internal quotation marks omitted). The movant has the burden of demonstrating the absence of a genuine issue of material fact and that the non-moving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex

Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**3.** During the hearing, counsel for the defendants contested Calvert's credibility and the veracity of these statements. When ruling on a motion for summary judgment, however, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." Anderson, 477 U.S. at 255, 106 S.Ct. 2505 (citation omitted). And "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge ... ruling on a motion for summary judgment ...." Id.

**4.** While use of the term "blonde" may not necessarily equate to reference to whites with blonde hair, whether this inference can be appropriately made is a factual determination properly reserved for a jury.

¶ 7. In light of these alleged statements, among others, a jury could reasonably conclude that the plaintiff was the subject of discrimination and that the reason Dadlani terminated her from Redline was because she is African-American. Accordingly, the Court must deny the defendants' motion for summary judgment. This motion being denied, the defendants' motion to strike portions of the plaintiff's opposition to summary judgment is moot. Therefore, in accordance with the oral rulings issued during the hearing held on October 8, 2014, it is hereby

**ORDERED** that the defendants' Motion for Summary Judgment, ECF No. 55, is **DENIED**. It is further

**ORDERED** that the defendants' oral request at the hearing for leave to file a reply to the plaintiff's opposition to their Motion for Summary Judgment is **DENIED**. It is further

**ORDERED** that the defendants' Motion to Strike, ECF No. 66, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the plaintiff's oral request at the hearing to engage in limited discovery as to the defendants' liability for punitive damages is **GRANTED**, and the parties shall complete such discovery by December 5, 2014. It is further

**ORDERED** that the parties shall appear before the Court on December 8, 2014, at 9:30am, for a status hearing, at which time the Court will refer this case for mediation or schedule a pretrial conference and a trial date.

**SO ORDERED** this 14th day of October, 2014.